UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JACQUELYN GAHAGAN, | ) |
| Plaintiff, | ) No. CV-12-3074-CI ) |
| v. | ) ORDER DENYING PLAINTIFF'S ) MOTION AND GRANTING |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) DEFENDANT'S MOTION FOR ) SUMMARY JUDGMENT ) ) |
| Defendant. | ) ) |

BEFORE THE COURT are cross-motions for summary judgment. ECF No. 15, 17. Attorney D. James Tree represents Jacquelyn Gahagan (Plaintiff); Special Assistant United States Attorney Daphne Banay represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment, and directed entry of judgment for Defendant.

**JURISDICTION**

Plaintiff applied for Supplemental Security Income (SSI) on February 22, 2008. She alleged disability due to mood disorder, bipolar disorder, depressive disorder and anxiety with an onset date of May 1, 2002. Tr. 92. After benefits were denied initially and

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

on reconsideration, Plaintiff requested a hearing before an administrative law judge (ALJ). A hearing before ALJ Catherine Lazauran was held on September 9, 2010. Tr. 283-324. Plaintiff, who was represented by counsel, and vocational expert Patricia Ayerza (VE) testified. The ALJ denied benefits on December 8, 2010, and the Appeals Council denied review. Tr. 13-26, 5-7. The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

**STATEMENT OF THE CASE**

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here. At the time of the hearing Plaintiff was 36 years old, unmarried and living alone. She reported a fifth grade education in special education classes, but stopped going to school at fifth grade because she was "slow" and other children made fun of her and she got into fights. Tr. 287-88. She can read and write. She reported she was receiving mental health counseling and taking medication for her mental problems. She stated she is able to care for herself independently and perform basic household chores. Tr. 309-10. Plaintiff stated she was on SSI from her 20's until benefits were terminated due to her incarceration in 2007 for possession of methamphetamine. Tr. 289. Plaintiff has a significant history of illegal drug use, attempts at chemical dependency treatment and incarceration. Tr. 190-92. She has no work history and reports she cannot work because of a learning disability and anxiety; she gets frustrated and cannot be around people. Tr. 290-99, 302-09.

**ADMINISTRATIVE DECISION**

At step one, the ALJ found Plaintiff had not engaged in

substantial gainful activity since February 22, 2008, the date she applied for SSI.  At step two, she found Plaintiff had severe impairments: borderline intellectual functioning, a mood disorder, and a history of drug and alcohol abuse. Tr. 18.  At step three, the ALJ found Plaintiff's impairments, alone and in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings).  The ALJ specifically discussed the requirements of Listing 12.05 (mental retardation), paragraphs "A" through "D" and found Plaintiff did not meet those requirements. Tr. 19.  At step four, the ALJ determined Plaintiff had no past work but she has the residual functional capacity (RFC) "to perform work at all exertional levels with the following non-exertional, mental limitations: the claimant can perform simple, routine tasks.  She can have minimal social interaction.  She is limited to work that involves little or no reading or mathematical ability." *Id*.  The ALJ found Plaintiff's subjective symptom testimony was not credible to the extent her alleged limitations were inconsistent with the RFC findings.  Tr. 20-24.  At step five, considering the record in its entirety, the RFC, and VE testimony, the ALJ found Plaintiff could perform unskilled work that exists in significant numbers in the national economy such as janitor, hand packager, and laundry worker. Tr. 26, 321-22.  The ALJ concluded Plaintiff had not been disabled since her SSI application date.[1] Tr. 25-26.

---

[1] The ALJ made no findings regarding prior disability applications or Plaintiff's representation that she received SSI

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in

---

benefits prior to incarceration. The record does not include documentation of a prior application, grant of benefits, or termination of SSI at any time prior the February 2008 application.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**SEQUENTIAL EVALUATION**

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). This burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. 20 C.F.R. §§ 404.1520(a), 416.920(a). At step five, the burden shifts to the Commissioner to show that (1) the claimant can perform other substantial gainful activity; and (2) a "significant number of jobs exist in the national economy" which claimant can perform. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**ISSUES**

The primary issue is whether the ALJ's decision is supported by substantial evidence and free of harmful legal error. Plaintiff identifies the following errors: (1) the ALJ erred in rejecting the

medical opinions of Kimberly Humann, M.D., Kari Heistand, M.D.; and Kayleen Islam-Zwart, Ph.D.; (2) the ALJ erred at step two by failing to find severe impairments of post-traumatic stress disorder (PTSD), schizoaffective disorder, major depressive disorder, ADHD, anxiety disorder, and psychotic disorder; and (3) the ALJ erred in not finding Plaintiff met Listing 12.05C.  ECF No. 15 at 5. Defendant argues the ALJ's decision is supported by substantial evidence and free of harmful error.  ECF No. 17.

## DISCUSSION

**A.   Evaluation of Examining Medical Source Opinions**

Plaintiff claims the ALJ gave insufficient reasons for rejecting the opinions of examining psychologists who opined she had marked and severe mental functioning limitations.  ECF No. 15 at 7-15.  She claims it was error for the ALJ to rely on the opinions of Jay Toews, Ed.D., who opined Plaintiff functioned in the Borderline range of intelligence, did not give good effort on objective tests, and demonstrated an ability to understand and follow simple instructions and perform routine, repetitive tasks.  Dr. Toews concluded Plaintiff is able to interact with coworkers and supervisors in routine types of work.[2]  Tr. 211.  Review of the entire record and the ALJ's decision shows the ALJ's reasoning was "specific," "legitimate" and "supported by substantial evidence." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir 1995)(contradicted

---

[2] Plaintiff's assertion that Dr. Toews opined Plaintiff met Listing 12.05C and is, therefore, disabled is not supported by the record.  ECF No. 15 at 7; Tr. 211.  As discussed *infra*, Plaintiff fails meet her burden of proof at step three.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 6

opinions of examining physicians may be rejected with "specific and legitimate reasons") (internal citations omitted).

**1. Dr. Humann**

The record shows Plaintiff was seen by Dr. Humann at Central Washington Comprehensive Mental Health (CMH) for medication management and disability paperwork in December 2008.  Tr. 279. Based on Plaintiff's self-report, Dr. Humann concluded Plaintiff had never had a psychological evaluation, although there are two such evaluations in 2008 included in the record on review. *Id.*, Tr. 182-85, 196-211.  Based on a mental status examination, Dr. Humann found Plaintiff with a sad mood and anxious, but no abnormal movements, speech within normal limits, congruent and well-related affect, memory intact, attention and concentration intact and no report of paranoid delusions.  Plaintiff's insight was good, and she presented as alert, clean and neatly dressed.  Tr. 279-80.  Dr. Humann declined to perform a psychological examination due to lack of time. Plaintiff was instructed to reschedule for an evaluation.  Tr. 280. The record also includes a mental residual function capacity evaluation dated April 8, 2009, and signed by Dr. Humann.  Tr. 244-46.  Plaintiff argues marked and severe functional limitations identified in this report were not given proper weight and not rejected with legally sufficient reasons.  ECF No. 15 at 7.  This argument fails.

The ALJ specifically referenced Dr. Humann's 2009 assessment of marked and severe limitations in functions "related to full-time work."  Tr. 24.  She correctly found that Dr. Humann did not provide any explanation for her findings in the space provided and the

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

limitations were not supported by other medical evidence in the record, including treatment notes from Plaintiff's mental health provider and the narrative report of Dr. Toews based on objective testing. These are specific and legitimate reasons to reject Dr. Humann's check box form report. *Molina v. Astrue*, 674 F.3d 1104, 1111-1112 (9th Cir. 2012)(*quoting Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996); *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001) (more weight given to explained opinions) *Bayliss v. Barnhart*, 427 F.3 1211, 1216 (9th Cir. 2005); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995); *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir 1989).

Plaintiff's assertion that mental health progress notes support Dr. Humann's assessment is unfounded. ECF No. 15 at 7. Not only did Dr. Humann fail to explain on what evidence she based her conclusions, the CMH notes viewed in their entirety indicate that in early 2008, Plaintiff's therapist suspected Plaintiff had relapsed and noted that Plaintiff had stopped her medication without medical advice. Tr. 235. By May 2008, however, her therapist's notes indicated Plaintiff appeared relaxed and in good spirits. Plaintiff reported she was doing well in counseling, making new friends, and she was feeling good, not depressed. She was also working to take care of an outstanding warrant in Missouri. Tr. 232-34.

In the 2009 form report, Dr. Humann referenced no progress notes or results from objective testing to contradict the 2008 opinions of Dr. Toews. Further, it is unclear whether Dr. Humann's

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

assessment is based on an actual examination.[3]  In contrast to the severe limitations assessed by Dr. Humann, contemporaneous progress notes include observations by her therapist of improved stability with counseling and medication and self-reported career goals.  Tr. 273-78.

Progress notes from 2010 also support the ALJ's rejection of Dr. Humann's assessed limitations.  They document Plaintiff's report that her mood improved once she was clean and sober and complying

---

[3] Plaintiff claims that Dr. Humann "had treated Ms. Gahagan four or five times and provided other reports with narratives." ECF No. 15 at 7 (*citing* hearing testimony at Tr. 299).  This assertion is not supported by the citation or records from CMH.  Although the hearing transcript shows Plaintiff's counsel represented to the ALJ that Dr. Humann was a "treating psychiatrist," Plaintiff testified she had seen her four, five or six times, and then stated she could not remember.  Tr. 299, The record contains only two reports written by Dr. Humann.  Tr. 232, 244.  Further, the record is replete with Plaintiff's inconsistent self-report, lack of candor about drug use, and vague testimony, all of which support the ALJ's determination that Plaintiff is not credible.  Tr. 20; *see, e.g., Verduzco v. Apfel,* 188 F.3d 1087, 1090 (9th Cir. 1999)(claimant's inconsistencies and lack of candor about substance abuse support adverse credibility finding). In addition, even if Dr. Humann did have a treating relationship, the court cannot assume that her clinic notes would support the severe limitations assessed.  Therefore, the court bases its review of the medical evidence on the actual documentation presented.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

with her medication regime; she was neither depressed nor anxious; and her therapist observed Plaintiff in her home which was "extremely neat, clean and decorated." Tr. 253-58. Thus, the ALJ's evaluation of Dr. Humann's opinions is an accurate and reasonable interpretation of the longitudinal record. *Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, 1195 (9th Cir. 2004).

Regarding Plaintiff's argument that the ALJ erroneously relied on check-box of opinions from non-examining psychiatrist Eugene Kester, M.D., Tr. 213-30, the record shows Dr. Kester explained his findings in narrative form that specifically identifies the evidence relied upon. Tr. 215, 230. As such, his opinions are supported by substantial evidence and Dr. Humann's are not. The ALJ gave legally sufficient reasons supported by substantial evidence for rejecting Dr. Humann's conclusory opinions.

**2. Dr. Heistand**

Plaintiff also claims the ALJ's gave improper reasons for rejecting limitations assessed by Kari Heistand, M.D., in March 2010. ECF No. 15 at 11. The record shows Dr. Heistand first saw Plaintiff at CMH for medication management on March 10, 2010. Tr. 263. Two medical management documents are in the record, the second visit being in July 2010. Tr. 256-58, 263-67. Dr. Heistand agreed with and signed a mental RFC assessment on March 17, 2013, one week after her first contact with Plaintiff. Tr. 250. She provided comments indicating Plaintiff was moderately limited in many work-related activities due to mental health problems but did not specify the basis of her conclusions. *Id.*

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

1    The ALJ discussed this evidence noting that an increase in
2 medication recommended by Dr. Heistand and Plaintiff's self-reported
3 abstinence from drugs improved Plaintiff's symptoms by July 2010.
4 This improvement is noted in Dr. Heistand's July report.  Tr. 22,
5 257-58.  The ALJ rejected Dr. Heistand's March 2010 marked and
6 severe limitations because the assessment was inconsistent with
7 later treatment notes.  She gave more weight to Dr. Toews' opinions
8 that are supported by objective tests and a complete exam.  Tr. 24.
9 As discussed above, these are specific and legitimate reasons for
10 giving Dr. Heistand's conclusions little weight.  In addition, the
11 ALJ specifically referenced Dr. Heistand's clinic note from July
12 2010 in which Plaintiff reported wanting to discontinue medication
13 because her mood was improving.  This is substantial evidence that
14 Plaintiff was not as impaired as reflected in Dr. Heistand's March
15 2010 report.  The ALJ did not err in giving, Dr. Heistand's brief
16 conclusory treating opinion that is unsupported supported by
17 clinical findings little weight.  *Thomas*, 278 F.3d at 957.

18    **3.   Dr. Islam-Zwart**

19    Dr. Islam-Zwart examined Plaintiff in January 2008, shortly
20 after Plaintiff's release from prison.  Tr. 182-85.  The ALJ gave
21 her opinions limited weight because the exam predated the alleged
22 onset date giving it less relevance than other evidence.  This is a
23 specific and legitimate reason to reject a medical opinion.  *See*
24 *Carmickle v. Commissioner, Social Sec. Admin.*, 533 F.3d 1155, 1165
25 (9th Cir. 2008)("Medical opinions that predate the alleged onset of
26 disability are of limited relevance."); *Fair v. Bowen*, 885 F.2d 597,
27 600 (9th Cir. 1989).  In addition, the ALJ found the exam took place

28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11

prior to Plaintiff's receiving mental health treatment outside of the prison setting, and the marked and severe limitations assessed were not supported by the longitudinal treatment record or results of objective testing from other acceptable medical sources.  In further support of the weight given, the ALJ correctly found Dr. Islam-Zwart did not have treatment notes to review and referenced inconsistencies in Plaintiff's statements to Dr. Islam-Zwart, contradictions that Dr. Islam-Zwart observed and noted in her report. Tr. 24, 182-85.  These are specific and legitimate reasons that support the weight given by the ALJ to Dr. Islam-Zwart's conclusions.  *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008)(rejection of examining medical source opinion is specific and legitimate where opinion is based on unreliable self-assessment); *Thomas*, 278 F.3d at 957 (rejection of opinions where no supporting treatment notes or objective findings reviewed); *Morgan*, 195 F.3d at 199.  The ALJ's evaluation of Dr. Islam-Zwart's findings is a rational interpretation of the entire record and, thus, conclusive. *Tackett*, 180 F.3d at 1097.

**B.   Step Two: Severe Impairments**

At step two, the ALJ found Plaintiff suffered severe mental impairments of borderline intellectual functioning, mood disorder, and a history of drug and alcohol abuse. Tr. 18.  Plaintiff asserts the ALJ erred at step two because she did not find the following mental impairments diagnosed by Drs. Heistand, Humann, and Islam-Zwart are severe: schizoaffective disorder; post-traumatic stress disorder (PTSD); major depressive disorder, ADHD; anxiety disorder and psychotic disorder.  ECF No. 15 at 17.  Plaintiff's claim of

error is not supported by a cogent argument or citation to specific facts sufficient for review by this court. As discussed above, the ALJ's reasons for rejecting marked and severe functional limitations assessed by Drs. Heistand, Humann, and Islam-Zwart are legally sufficient and supported by substantial evidence. Moreover, the ALJ specifically rejected psychotic disorders as severe impairments in his discussion of the medical evidence. Tr. 22. Plaintiff's mere assertion that certain diagnoses exist in the record does not establish that they are severe or cause disabling symptoms. 20 C.F.R. § 416.908 (impairment must be shown by clinical and laboratory diagnostic techniques); *See Edlund*, 253 F.3d at 1159-60 (claimant's burden to prove severity); *Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985)(diagnosis alone does not establish severity). Plaintiff's subjective statements alone are insufficient to establish a severe impairment. *Id*.

Further, Plaintiff shows no prejudice caused by the ALJ's disregard of diagnoses based on her inconsistent, unreliable self-report and unsupported by objective medical evidence. She does not identify evidence of symptoms or limitations that were not considered by the ALJ in her final RFC determination, which was relied upon properly by the vocational expert at step five. Without the requisite specificity and analysis supported by citations to the record, Plaintiff has not met her burden to show error at step two. *Shineski v. Sanders*, 556 U.S. 396, 409-410 (2009); *see also Carmickle*, 533 F.3d at 1161 n.2 (appellate court will not consider matters on appeal that are not argued with specificity).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 13

## C. Step Three: Listing 12.05

Plaintiff argues the ALJ should have found she meets Listing 12.05C for Mental Retardation. ECF NO. 15 at 15-17. A Listing describes impairments that are "so severe that they are irrebuttably presumed disabling, without any specific finding as to the claimant's ability to perform his past relevant work or any other jobs." *Lester Chater,* 81 F.3d 821, 828 (9th Cir. 1995). Listing 12.00 directs that the structure of Listing 12.05 is "different from the other mental disorder listings." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00A. There are four sets of criteria within the Listing, paragraphs 12.05A through D. Section 12.00A requires that if a claimant's impairment "satisfies the diagnostic description <u>in the introductory paragraph and any one of the four sets of criteria</u>," the impairments meets the Listing. (Emphasis added.)

The introductory paragraph for Listing 12.05 provides that: "Mental retardation refers to significantly subaverage general intellectual function with deficits in adaptive function initially manifested during the developmental period: *i.e.* the evidence demonstrates or supports <u>onset of the impairment before age 22.</u> The required level of severity is met when the requirements in A, B, C, or D are satisfied." 20 C.F.R. Pt. 404, Subpt. P, App.1, Section 12.05 (2010)(emphasis added).

The requirements of Listing 12.05C (*Mental retardation*) are as follows: "C. A valid verbal, performance or full scale IQ of 60 through 70,and a physical or other mental impairment imposing an additional and significant work-related limitation of function." *Id.*

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 14

There is no requirement for a formal diagnosis of "mental retardation." Mental retardation as applied to these proceedings is defined by the Regulations. Thus, Defendant's contention that Plaintiff does not meet the Listing because she was not diagnosed with mental retardation is inapposite. ECF No. 17 at 18. However, Plaintiff has not presented evidence to satisfy the requirements of the introductory paragraph. Therefore, she does not meet a Listing under section 12.05.

The record includes results from intellectual testing administered by Dr. Toews. Plaintiff's estimated full scale IQ measured at 71, verbal IQ at 70 and Performance IQ at 77. Tr. 199. Dr. Toews opined test results underestimate her intellectual ability due to her poor effort and demonstrated lack of motivation on testing. The record in its entirety supports this opinion.

Although Plaintiff testified she attended special education classes in school through fifth grade and quit school because other students made fun of her and she got into fights, Tr. 288, she testified she is able to read, write, add, and subtract with a calculator and can use a computer to play games and access email. Tr. 290, 311, 314. She knows how to drive and has driven, but does not have a license. Tr. 291. She reported she was able to travel to Missouri twice, once with her nieces and once to resolve an outstanding warrant. Tr. 306, 307-08.

The record also shows she lives independently in an apartment, takes care of a dog, can use public transportation, shop, interact with friends and family, and travel. Tr. 118, 130, 234, 260, 269, 275, 306, 309-11, 315. In August 2010, Plaintiff's CMH counselor

reported an unannounced visit and observed Plaintiff's living quarters were neat, clean, and well decorated. Tr. 253-58.

Even assuming Plaintiff attended school only through the fifth grade, no evidence has been presented that she exhibited significant subaverage general intellectual functioning or deficits in adaptive functioning before the age of 22. Plaintiff has not established the requirements of Listing 12.00A and 12.05C; therefore, her step three argument fails.

## CONCLUSION

The ALJ's decision is supported by substantial evidence and is free of legal error. Plaintiff has not met her burden to prove she is disabled for the purposes of the Social Security Act. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **DENIED**

2. Defendant's Motion for Summary Judgment, **ECF No. 17**, is **GRANTED;**

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant, and the file shall be **CLOSED**.

DATED August 28, 2013.

                    S/ CYNTHIA IMBROGNO
                UNITED STATES MAGISTRATE JUDGE

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 16